**Law Offices of
Marina Dzhamilova, PLLC**
By: Marina Dzhamilova, Esq.
6628 212th St. SW, Ste. 206
Lynnwood, WA 98036
Phone: 425-563-6700
mdzhamilova@hotmail.com

*Attorney for Lori Amos*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Lori Amos,  Plaintiff,  vs.  Stellar Recovery, Inc.  Defendant | No.: _  **COMPLAINT** |

Plaintiff Lori Amos ("Plaintiff"), by and through her attorneys, the Law Offices of Marina Dzhamilova, PLLC, as and for her Complaint against Stellar Recovery, Inc. ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Washington, County of Skagit, residing at 821 Garfield Street, WA, 98273.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a local service address c/o Business Filings Incorporated, 711 Capitol Way S Ste 204, Olympia, WA, 98501.

6. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Specifically the alleged debt was a Dish Network debt and is defined as a personal obligation under the FDCPA.

11. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

12. This statute is explained in *Wilhelm v. Credico, Inc.,* 519 F.3d 416 (8th Cir.2008) - "The relevance of the portion of § 1692e(8) on which [plaintiff] relies' 'including the failure to communicate that a disputed debt is disputed'" is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt.

13. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:

1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer ... *and reports it to a credit bureau,* he must report it as disputed.

2. Post-report dispute. *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

*Id.* at 418 (emphasis in original) (citing FTC Staff Commentary, 53 Fed.Reg. 50097–02, 50106 (Dec. 13, 1988))

14. Many district courts have followed the *Wilhelm* court's approach. *See, e.g., Jacques v. Solomon & Solomon P. C.,* 2012 U.S. Dist. LEXIS 118092, * 11 (D.Del.2012) ("The duty to report a debt under [Section 1692e(8) ] arises only if one elects to report credit information"); *Donatelli v. Warmbrodt,* 2011 U.S. Dist. LEXIS 69207, *27–28 (W.D.Pa.2011) ("There is no authority to support the proposition that a debt collector must inform the credit reporting agency that the consumer disputes the debt") (citation omitted); *Edeh v. Aargon Collection Agency, LLC,* 2011 U.S. Dist. LEXIS 79160, *11 (D.Minn.2011) ( "when a debt collector learns that a debt is disputed only after the collector has reported the debt to the credit reporting agencies, the collector has no affirmative obligation to report the dispute"); *Benson v. Med–Rev Recoveries, Inc. (In re Benson),* 445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010) ( "Plaintiff's premise is that a disputation of a debt after such debt is reported by a consumer reporting agency creates a duty on the entity that informed or furnished such information to the agency to update the credit report to reflect that such debt is disputed. This is incorrect...."); *Kinel v. Sherman Acquisition II LP,* 2006 U.S. Dist. LEXIS 97073, *53–54 (S.D.N.Y.2006) (noting a "dearth of precedent" on the issue of whether a debt collector has an affirmative duty to report a dispute made after it initially reported the debt, relying upon the 1988 FTC Commentary, and stating that "the FTC Commentary has interpreted § 1692e(8) as not explicitly requiring a debt collector to update information about the disputed status of a debt about which it has not reported, or about which it has already reported prior to a consumer's dispute"); *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264,

*13 (N.D.Ga.2005) ("only *if* a debt collector reports a consumer debt to a credit bureau under Section 1692e(8) must he then also report that debt as disputed") (emphasis in original).

15. The facts here are analogues to the decisions cited above as Defendant reported the Alleged Debt on the Plaintiff's credit report.

16. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter.

17. Plaintiff examined her credit report again on March 11, 2017 and found that Defendant had **re-reported** the credit account to the bureau(s) on March 1, 2017.

18. When Defendant **re-reported the credit account after it received Plaintiff's dispute letter**, Defendant failed to list the account as "disputed by consumer" despite being required to do so as explained above under 1692e8.

19. With the failure to remove the trade line, or mark same as disputed **the Plaintiff's credit score, a benchmark for near all facets of life in today's society has been deflated.**

20. **The Plaintiff's credit score has been lowered, which has resulted in inability to gain credit, less favorable interest rates and could hinder future employment opportunities.**

21. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

23. When Defendant re-reported the credit account after it received Plaintiff's dispute letter, Defendant failed to list the account as "disputed by consumer" despite being required to do so.

24. With the failure to remove the trade line, or mark same as disputed the Plaintiff's credit score, a benchmark for near all facets of life in today's society has been deflated.

25. The Plaintiff's credit score has been lowered, which has resulted in inability to gain credit, less favorable interest rates and could hinder future employment opportunities.

26. Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

27. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 9, 2017

| | |
|---|---|
| 1 | |
| 2 | */s/Marina Dzhamilova*<br>**Law Offices of**<br>**Marina Dzhamilova, PLLC**<br>By: Marina Dzhamilova, Esq.<br>6628 212th St. SW, Ste. 206<br>Lynnwood, WA 98036<br>Phone: 425-563-6700<br>mdzhamilova@hotmail.com |

*/s/Marina Dzhamilova*
**Law Offices of**
**Marina Dzhamilova, PLLC**
By: Marina Dzhamilova, Esq.
6628 212th St. SW, Ste. 206
Lynnwood, WA 98036
Phone: 425-563-6700
mdzhamilova@hotmail.com